IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLENWOOD AVIATION, LLC<br>3060 Route 97, Suite 200<br>Glenwood, MD 21738-9739 | * <br> * | |
| Plaintiff | * | Civil Action No. _____ |
| v. | * | |
| Barge HARRY<br>its tackle, equipment, and all<br>other necessaries thereunto<br>appertaining and belonging,<br>in rem | *<br><br>*<br><br>* | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

VERIFIED COMPLAINT

Plaintiff, Glenwood Aviation, LLC (hereinafter "Glenwood"), by its attorneys, Robert W. Hesselbacher, Jr., Stephen F. White and Wright, Constable & Skeen, L.L.P., for its Verified Complaint, in rem, against the Barge HARRY, its, tackle, equipment, and all other necessaries thereunto appertaining and belonging, alleges and states:

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff, Glenwood, was and is a limited liability company organized in accordance with the laws of the state of Delaware, with an office and principal place of business at 3060 Route 97, Suite 200, Glenwood, Maryland 21738-9739. At all times relevant herein, Glenwood was and is engaged in the business of operating the "D.C. Heliport" which includes a pier facility on the District of Columbia waterfront, including, but not limited to wet docking of vessels, and providing electricity and other services to vessels docked at the pier. The D.C.

Heliport and its pier facilities are located at 1724 South Capitol Street, Washington, D.C. 20003, on bank of the Anacostia River, which is part of the navigable waters of the United States.

3.   The 120 foot-long steel-hulled Barge HARRY, its tackle, equipment, and all other necessaries thereunto appertaining and belonging, is currently within this District and the jurisdiction of this Honorable Court. The vessel has been moored at the plaintiff's pier facility in Washington, D.C. since August, 2004. Despite reasonable efforts, it cannot be ascertained as to whether the Barge HARRY is documented with the United States Coast Guard (National Vessel Documentation Office) or registered in any State or the District of Columbia. There are no indications of documentation or registration on the vessel. There is no barge documented with the U.S. Coast Guard named HARRY that fits this vessel's description.

4.   At all times relevant herein, plaintiff believes the manager, charterer, owner and/or owner pro hac vice of the Barge HARRY, etc., to be and to have been J-Way Leasing, LLC (hereinafter "J-Way") and/or Alan N. Johnson (hereinafter "Johnson"), whose last known address was 1284 Miller Road, Avon, Ohio 44011. Upon the advice of attorneys for J-Way and Johnson, the vessel may also be owned by Dan Pleban whose address is unknown and was not disclosed, and who may have done business somewhere in Louisiana. Upon information and belief, the fair market value of the Barge HARRY is substantially less than $100,000.00.

5.   Prior to August, 2004, the plaintiff was already providing wharfage at the D.C. Heliport to vessels owned or operated by J-Way and Johnson including the Tug BOURNE, and an un-named crane-barge. Without prior notice to plaintiff, in August of 2004, J-Way and Johnson brought the Barge HARRY to the D.C. Heliport and moored it to the dock. Between August, 2004, and April 30, 2006, plaintiff regularly billed J-Way and Johnson for the fair long-term dockage of the Barge HARRY at the rate of $1,000.00 per month, without any objection,

comment, or other discussion from J-Way or Johnson, implying that they consented and agreed to the charges.

6. In January, 2006, Plaintiff initiated procedures under the laws of the District of Columbia, to obtain title to the Barge HARRY as it had been abandoned at Plaintiff's dock for over six (6) months. After learning that the proceedings were underway, J-Way and Johnson caused their attorney to send a letter to the D.C. Harbormaster (attached hereto as Exhibit 1), reaffirming J-Way's interest in the Barge HARRY and stating that it had not been abandoned. See Exhibit 1.

7. Despite the Plaintiff's numerous demands for payment of the amounts due for the dockage of the Barge HARRY, J-Way and Johnson have failed and refused to do so. Due to the arrearage and the default by J-Way and Johnson, and after giving due notice to J-Way and Johnson (by letter to their attorney), the long term dockage rate was discontinued as of April 30, 2006. See Exhibit 2. Beginning May 1, 2006, Plaintiff has charged J-Way and Johnson a fair daily rate for the dockage of the Barge HARRY in the amount of $1.00 per foot per day ($120.00 per day). A copy of the Plaintiff's invoice for dockage charges related to the Barge HARRY, through May 31, 2006, is attached hereto as Exhibit 3.

8. Through June 30, 2006, Plaintiff has provided the Barge HARRY with the dockage services referred to above in the total amount of $28,350.00. See Exhibit 3. Dockage will continue to accrue on the Barge HARRY thereafter at the rate of $120.00 per day until it is arrested. Despite repeated demands, J-Way and Johnson, the owners/managers/charterers/owners pro hac vice of the vessel, have failed and refused to pay the same. Additional amounts for the dockage of the Barge HARRY will continue to accrue until such time as it is arrested by the United States Marshal.

9. All of the Plaintiff's charges for wharfage and other services provided to the Barge HARRY give rise to a maritime lien in favor of Plaintiff and upon the Barge HARRY, etc. upon which Plaintiff has relied for payment, upon which Plaintiff holds a valid maritime lien claim for provision of necessaries, and the Barge HARRY, etc., remains at present within this District and within the jurisdiction of this Honorable Court.

WHEREFORE, plaintiff, Glenwood Aviation, LLC, prays:

1. That a warrant for the arrest of the Barge HARRY, its, tackle, equipment, and all other necessaries thereunto appertaining and belonging, in rem, may issue, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid; and

2. That a Judgment may be entered in favor of Glenwood Aviation, LLC, for the amount of its claim stated above, with interest, attorneys fees and costs, and that the Barge HARRY, its tackle, equipment, and all other necessaries thereunto appertaining and belonging, may be condemned and sold to pay the same; and

3. That Glenwood Aviation, LLC, may have such other, further and different relief as may be just in the premises.

*[signature]*
Robert W. Hesselbacher, Jr.
DC Bar No. 414412
Stephen F. White (pro hac vice pending)
Wright, Constable & Skeen, LLP
100 North Charles Street, 16th Floor
Baltimore, Maryland 21201-3812
(410) 659-1317 (telephone)
(410) 659-1350 (facsimile)
Attorneys for Plaintiff

183071 v. (11208.00001)

## VERIFICATION
## UNDER 28 U.S.C. § 1746

BARRY LUTIN, deposes and says:

I am the Managing Member of Glenwood Aviation, LLC, the plaintiff herein. I have read the foregoing Verified Complaint, and have reviewed the attached Exhibits, and know the contents thereof, and the same are true and correct, except where stated to be upon information and belief. I give this Verification based upon my own personal knowledge, and the contents of the business records of Glenwood Aviation, LLC of which I am a custodian. The Exhibits attached to the Verified Complaint are all true, accurate, genuine and authentic copies of records kept by Glenwood Aviation, LLC in the ordinary course of business.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. Executed on 28 JUNE, 2006.

_____
BARRY LUTIN
Managing Member
Glenwood Aviation, LLC

LAW OFFICES
# THOMPSON O'DONNELL, LLP

JOHN JUDE O'DONNELL ⁎
JULIAN E. MARKHAM, JR. + ⁎ †
RANDELL HUNT NORTON + ⁎
J. MICHAEL HANNON ⁎
KENNETH G. STALLARD + ⁎
BROOKE A. PINKERTON ⁎
MATTHEW W. CARLSON ⁎ +

EILEEN M. O'BRIEN ⁎
SEAN G. RYAN ⁎

⁎ ALSO ADMITTED IN MARYLAND
+ ALSO ADMITTED IN VIRGINIA
† ALSO ADMITTED IN FLORIDA
⁎ ALSO ADMITTED IN WEST VIRGINIA
⁎ ALSO ADMITTED IN NEW YORK

1212 NEW YORK AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005

(202) 289-1133
FACSIMILE (202) 289-0275
www.thompson-odonnell.com

27 WOOD LANE
ROCKVILLE, MARYLAND 20850
(301) 424-6060

4113 LEE HIGHWAY
ARLINGTON, VIRGINIA 22207
(703) 522-2255

OF COUNSEL
JAMES F. BROMLEY

RETIRED
HENRY F. HARDING
JAMES W. GREENE

J. ROY THOMPSON, JR.
(1911 - 2005)
THOMAS H. MCGRAIL
(1920 - 1996)
JOHN E. LARSON
(1896 - 1995)

March 2, 2006

**VIA FACSIMILE**
Lt. Paul Niepling
Harbor Master
Metropolitan Police Department
500 Water Street, S.W.
Washington, D.C. 20024

Dear Mr. Niepling:

This firm represents J-Way Leasing and Marine, LLC ("J-Way") in attempting to resolve a dispute with Glenwood Aviation, LLC ("Glenwood"), arising out of dockage fees for the "BOURNE" and the "HARRY" at 1724 South Capitol Street, S.W.

It has come to J-Way's attention that Glenwood may attempt to seek title to these vessels as abandoned pursuant to DCMR Title 19 § 1010. Please be advised that these vessels are not abandoned. On or about February 6, 2006, J-Way received a call from Linda Fabrie of your office asking that J-Way move the vessels from the dock. J-Way said it would make arrangements to do so. On February 22, 2006, J-Way went to the dock to remove the vessels, however, Glenwood would not permit the vessels to be moved asserting that J-Way owed docking fees. As a result, the vessels remain at the dock because Glenwood will not release them and not because J-Way has abandoned the vessels.

Should you have any questions, please contact me.

Sincerely,

Matthew W. Carlson

Cc: Barry Lutin [via mail]
    Alan Johnson


EXHIBIT 1



**Wright, Constable & Skeen, L.L.P.** | Attorneys at Law

One Charles Center, 16th Floor • 100 North Charles Street • Baltimore, Maryland 21201-3812 • 410-659-1300 • Fax 410-659-1350

April 5, 2006

**VIA FAX (202) 289-0275 AND FIRST CLASS MAIL**

Michael J. Abromaitis
Monte Fried
James W. Constable
David W. Skeen
Louis J. Kozlakowski, Jr.
Robert W. Hesselbacher, Jr.**
Kenneth F. Davies
Stephen F. White
Frederick L. Kobb
Paul F. Evelius
Mary Alice Smolarek*
Michael A. Stanley
Howard S. Stevens*

Associates
 Eric T. Schline
 Mollie G. Shuman
 Meighan E. Griffin

Of Counsel
 Francis N. Iglehart
 P. McEvoy Cromwell
 Douglas G. Worrall

Wm. P. Constable (1882-1976)
John D. Wright (1903-1976)

Towson Office
 307 West Allegheny Avenue
 Towson, Maryland 21204-4258
 Phone 410-825-0750
 Fax   410-825-0715

www.wcslaw.com

Writer's Direct Dial/E-mail:
(410) 659-1304/swhite@wcslaw.com

Matthew W. Carlson, Esq.
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, DC 20005

      Re:    Our Client: Glenwood Aviation, LLC
              Your Client: J-Way Leasing and Marine, LLC
              Our File: 11208-01

Dear Mr. Carlson:

     As you know, this office represents Glenwood Aviation, LLC.

     My client has now reviewed the documents you sent with your fax of 3/30/2006. While my client is able to confirm that a total of $3,500 in payments have previously been made to Glenwood Aviation made by J-Way Leasing, my client is unable to confirm that a $500 payment was made under J-Way Leasing check number 7994 on 9/10/2004. In fact, my client's records show that no deposit of any such check ever occurred. The alleged check you have sent us appears to be a check with another document photocopied over top of it. Unless you can send us both sides of a bona fide cancelled check that can be verified through the bank for the alleged $500 payment in question, my client will not acknowledge receipt of any such payment.

     The $3,500 in payments made by your client was applied by mine as follows: $500 was applied to dockage of the Tug BOURNE, $2,500 was applied to dockage of the crane, and $500 was applied to dockage of barges. The total amount due as of April 3, 2006 for dockage of the Tug, the Crane, and the barges, comes to $35,350. After subtracting the payments previously made ($3,500.00) and the recent payment made on the Tug BOURNE ($9,548.39), the remaining balance due is $22,302.00. To this must be added additional dockage for the Barge HARRY at the rate of $33.33 per day beginning April 4, 2006.

180625 v (11208.00001)

* Admitted in the District of Columbia and Maryland
** Admitted in the District of Columbia, Maryland and Virginia



Matthew W. Carlson, Esq.
April 5, 2006
Page 2

My client desires to clear his dock as soon as possible. Therefore, it is requested that your client pay all amounts due and remove the Barge HARRY as soon as possible.

The $1,000.00 per month rate that my client set for your client's barges back in September of 2004, was a long-term dockage rate that was premised upon my client's receipt of regular monthly payments. However, your client has not kept up payments, and only $500 has been paid for dockage of barges since September of 2004. Therefore, the long-term rate that has been afforded to the Barge HARRY will be terminated on April 30, 2006, in the event the barge still remains at my client's dock.

Please advise your client that beginning May 1, 2006, the rate for dockage at the Glenwood Aviation dock for the Barge HARRY will increase to a daily transient rate. The new rate will be $1.25 per foot per day (i.e., $125.00 per day or $3,750.00 per 30-day month)(by comparison, the daily rate at the Gangplank Marina is $1.25 per foot per day). While we have asked that your client pay its bill and remove the vessel elsewhere immediately, in the event your client's barge remains at the Glenwood dock after April 30, 2006, the new rate will apply. In the event the Barge HARRY remains at the Glenwood dock after April 30, 2006, and the overdue amounts remain unpaid, my client also reserves the right to exercise any and all legal remedies available to it, including those arising admiralty law to arrest/attach the Barge HARRY to foreclose its maritime lien and other claims for the overdue amounts.

Although I previously asked you to identify the owner of the Barge HARRY, my request has not received a complete answer. In a voice message you identified the owner as Dan ____?____ in Louisiana and advised me that J-Way was chartering the vessel. Please advise me in writing of the name and address of the owner of the vessel.

If you have any questions concerning the above, please give me a call. I will be out of town next week, but expect to be back in the office on April 17, 2006.

Very truly yours,

/s/

Stephen F. White

cc:
Barry Lutin, Glenwood Aviation    (via e-mail)

180625 v. (11208.00001)

# GLENWOOD AVIATION
# 3060 WASHINGTON ROAD
# GLENWOOD, MD 21738

## INVOICE # SCH 63106

June 27, 2006

J-Way Leasing, LLC
1284 Miller Rd,
Avon, Ohio 44011

ATTN:

Alan Johnson:

Dockage service for the barge "HARRY" Aug, 2004 through April 30th, 2006
@$1000./month………………………………………………………………….$21,000

Dockage service for the barge "HARRY" for 31 days in May, 2006 @ the transient rate of $1.00/ foot /day……………………………………………………………….…..$3,750

Dockage service for the barge "HARRY" for 31 days in May, 2006 @ the transient rate of $1.00/foot/day………………………………………………………………..…..$3,600


Total due……………………………………………………………………….$28,350


EXHIBIT 3