IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLENWOOD AVIATION, LLC<br>3060 Route 97, Suite 200<br>Glenwood, MD 21738-9739 | * * | |
| Plaintiff | * | Civil Action No. _____ |
| v. | * | |
| Barge HARRY<br>its tackle, equipment, and all<br>other necessaries thereunto<br>appertaining and belonging,<br><u>in rem</u> | * * * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR ORDER APPOINTING SUBSTITUTE CUSTODIAN**

Plaintiff, Glenwood Aviation, LLC (hereinafter "Glenwood"), by its attorneys, Robert W. Hesselbacher, Jr., Stephen F. White, and Wright, Constable & Skeen, L.L.P., respectfully prays that this Honorable Court enter an Order Appointing a Substitute Custodian herein, and in support thereof states as follows:

1. The plaintiff has filed a Verified Complaint against the Barge HARRY, <u>in rem</u>, praying that the vessel, her engines, tackle, equipment, furniture and other necessaries thereunto appertaining and belonging should be arrested forthwith by the United States Marshal.

2. It is anticipated that the Clerk of this Court will issue a warrant for the arrest of the BARGE HARRY, etc., upon Order of this Court pursuant to Supplemental Rule C(3) of the Federal Rules of Civil Procedure.

3. Upon the arrest of the BARGE HARRY, etc., by the U.S. Marshal, it would be most efficient and inexpensive for the Marshal to turn over custody of said vessel to a capable Substitute Custodian.

4. The BARGE HARRY, etc., a 120' long steel barge, is currently moored in a safe slip at the dock on the Anacostia River operated by Glenwood Aviation, LLC, 1724 South Capitol Street, Washington, D.C. 20003, where the vessel has been since August of 2004.

5. Glenwood has agreed to assume the responsibility for the safekeeping of the boat subject to this Court's further Order for a sum, including storage fees and routine services required for the safekeeping of the vessel, which is substantially less than that required should the United States Marshal maintain custody.

6. Glenwood has agreed to perform services as substitute custodian for a continuation of the current storage fee on the vessel in the amount of $1.00 per foot per day ($120.00 per day). Glenwood would maintain the vessel where it is, in a safe slip at its dock. Glenwood would affix appropriate locking devices to the vessel, if necessary, and regularly inspect the condition of the vessel, adjusting mooring lines and pumping bilges if necessary. Upon information and belief, and based upon the advices of Glenwood Aviation, LLC, the foregoing charges are fair and reasonable, and each of the foregoing measures are believed to be the minimum steps necessary to preserve, secure and protect the Barge HARRY and its appurtenances while in custodia legis.

7. Pursuant to his Affidavit, filed herewith, Mr. Barry Lutin, the General Manager of Glenwood Aviation, LLC, has confirmed that Glenwood has adequate facilities, experience, and supervision for the proper safekeeping of the vessel, that Glenwood will accept responsibility for the safe-keeping and custody of the vessel while it is Substitute Custodian, and pursuant to the

further Orders of this Court, and Mr. Lutin has confirmed that Glenwood possesses adequate assets and insurance to respond in damages for loss or injury to the defendant vessel or for damage sustained by third parties due to any acts, faults, or negligence of said Substitute Custodian while the vessel is under arrest. Mr. Lutin has also confirmed that Glenwood is currently insured by the AXA Insurance Company with Commercial General Liability insurance coverage in the amount of $500,000.00 per occurrence, which includes the premises of the D.C. Heliport and specifically the Barge HARRY, from June 26, 2006 to June 26, 2007 (with plans for renewal at the end of the term), and that Glenwood will continue to maintain liability insurance in an amount sufficient to cover the value of the vessel and adequate to respond in damages for loss or injury to the vessel or for damages sustained by third parties due to any acts, faults, or neglects of Glenwood, its agents or employees, while it is acting as Substitute Custodian. The Certificate of Insurance is attached as Exhibit "A" to the Affidavit of Barry Lutin filed herewith.

8. In consideration of the court's appointment of Glenwood as Substitute Custodian under the terms suggested herein, Plaintiff agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel, her tackle, equipment, appurtenances, etc. from the time the U.S. Marshal transfers possession of said vessel over to the Substitute Custodian until such time as the Substitute Custodian returns custody of the vessel to the United States Marshal.

9. It is further requested that this Honorable Court designate in its Order that all necessary expenses and charges of the Substitute Custodian, including, but not limited to those set forth above, including the cost of a marine survey, shall be deemed expenses in custodia legis and considered part of the costs herein.

WHEREFORE, the plaintiff, Glenwood Aviation, LLC prays that this Honorable Court grant and enter the plaintiff's proposed Order appointing Glenwood Aviation, LLC as Substitute Custodian in the form filed herewith.

*/s/ Robert W. Hesselbacher*

Robert W. Hesselbacher, Jr.
DC Bar No. 414112
Stephen F. White (pro hac vice pending)
Wright, Constable & Skeen, LLP
100 North Charles Street, 16th Floor
Baltimore, Maryland 21201-3812
(410) 659-1317 (telephone)
(410) 659-1350 (facsimile)

Attorneys for Plaintiff

183315 v. (11208.00001)