IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLENWOOD AVIATION, LLC<br>3060 Route 97, Suite 200<br>Glenwood, MD 21738-9739 | * <br><br>* | |
|     Plaintiff | * | Civil Action No. _____ |
| v. | * | |
| Barge HARRY<br>its tackle, equipment, and all<br>other necessaries thereunto<br>appertaining and belonging,<br><u>in</u> <u>rem</u> | *<br><br>*<br><br>* | |
|     Defendant | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION
<u>FOR ORDER APPOINTING SUBSTITUTE CUSTODIAN</u>**

    Plaintiff, Glenwood Aviation, LLC, by its undersigned attorneys, submits this Memorandum in Support of its Motion for Order Appointing Substitute Custodian, and in support thereof, states as follows:

    Rule E of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty and Maritime Claims states that in actions <u>in</u> <u>rem</u>, when the property to be arrested is tangible property (such as a vessel), "the Marshal or other person or organization having the warrant shall take [the property] into the Marshal's possession for safe custody." Rule E(4)(b). Once the property/vessel has been arrested and is in the Marshal's safekeeping, the Marshal may charge the plaintiff the fees described in 28 U.S.C. § 1921, as amended. These costs can be prohibitive. Rule E(4)(e). It is the plaintiff's responsibility to pay such fees and to deposit money with the court to "cover such expenses." Rule E(4)(b).

183613 v. (11208.00001)

In order to reduce the costs and expenses of the U.S. Marshal, the court may authorize the appointment of a Substitute Custodian that "has adequate facilities and supervision for the safekeeping of the vessel" to be responsible for safekeeping of the vessel in place of the U.S. Marshal. Hudson Harbor 79th Street Boat Basin, Inc. v. Sea Casa, 469 F. Supp. 987, 1979 AMC 2401, 2404 (S.D.N.Y. 1979). In Hudson, the court stated:

> The sole purpose of this safekeeping order [order appointing a Substitute Custodian in place of the Marshal] was to reduce the costs and expenses to the successful claimant of maintaining this rather modest craft which is sought to be subjected to a maritime lien, which is also of relatively modest amount. Practices followed in merchant shipping cases where the U.S. Marshal posts a full-time deputy on the vessel on a 24-hour basis would be prohibitive in cost.

Id., 1979 AMC at 2004.

It is clear that federal law permits the court to allow another entity to assume possession, custody and safekeeping of the vessel. Rule E(4)(d) allows the Marshal or other entity having the Warrant to apply to the court for directions as to the property that has been arrested. If the vessel or arrested property is turned over to a Substitute Custodian, as was the case in Hudson, the court continues to deem the property to be "in the hands of the Marshal and subject to the continued order of [the] Court." Id. A further requirement is that the Substitute Custodian must remain within the jurisdiction of the arresting court. Id.

In the case *sub juris*, the proposed Substitute Custodian, Glenwood Aviation, LLC, is a local business that operates the D.C. Heliport, located at 1724 South Capitol Street, Washington, D.C. 20003, which is within the jurisdiction of this court. It has been demonstrated in the Motion for Order Appointing Substitute Custodian, and in the supporting Affidavit of Barry Lutin, that Glenwood Aviation, LLC, has already had almost two years of experience

maintaining the vessel at it dock, that it does have adequate facilities and supervision for the safekeeping of the vessel, that it has more than adequate insurance coverage to meet any contingencies, and that it can provide for the safekeeping of the vessel while it is under arrest for a reasonable fee [far more economically than stationing a U.S. Marshal aboard 24-hours a day until the confirmation of sale of the vessel, which could be several months from now].

For the foregoing reasons, Plaintiff requests that its Motion and Proposed Order Appointing Glenwood Aviation, LLC as Substitute Custodian of the Barge HARRY, etc., be approved.

*[signature]*

Robert W. Hesselbacher, Jr.
DC Bar No. 414112
Stephen F. White (pro hac vice pending)
Wright, Constable & Skeen, LLP
100 North Charles Street, 16th Floor
Baltimore, Maryland 21201-3812
(410) 659-1317 (telephone)
(410) 659-1350 (facsimile)

Attorneys for Plaintiff