**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GLENWOOD AVIATION, LLC | * | |
| 3060 Route 97, Suite 200 | | |
| Glenwood, MD  21738-9739 | * | |
| | | |
|       Plaintiff | * | Civil Action No. 06-1235 RBW |
| v. | | |
| | * | |
| Barge HARRY | | |
| its tackle, equipment, and all | * | |
| other necessaries thereunto | | |
| appertaining and belonging, | * | |
| in rem | | |
| | * | |
|       Defendant | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER FOR ISSUANCE OF**
**PROCESS IN REM FOR ARREST OF BARGE HARRY**

Plaintiff, Glenwood Aviation, LLC  (hereinafter "Glenwood"), by its attorneys, Robert

W. Hesselbacher, Jr., Stephen F. White, and Wright, Constable & Skeen, L.L.P., pursuant to

Rule C(3)(a)(ii)(A) of the Supplemental Rules for Certain Admiralty and Maritime Claims,

hereby files its Memorandum in Support of its Motion for Order for Issuance of Process in Rem

for Arrest of the Barge HARRY, and states:

**A.  ARREST OF THE BARGE HARRY IS REQUIRED IN ORDER TO**
**FORECLOSE THE PLAINTIFF'S MARITIME LIEN CLAIM**

It is alleged in the Verified Complaint, that the Plaintiff provided the Barge HARRY with

wharfage and other services over an almost two year period without payment, and that the

provision of such services gives rise to a maritime lien claim in favor of the Plaintiff.

> "A maritime lien is a privileged claim upon maritime property, such as a vessel, arising out of services rendered to or injuries caused by that property.  The lien attaches simultaneously with the cause of action and adheres to the maritime property even through changes of ownership until it is either executed through the in rem legal process available in admiralty or is somehow extinguished by operation of law."

Thomas J. Shoenbaum, "Admiralty and Maritime Law" (4th Ed.) § 9-1 at p. 515.

The creation and execution of a maritime lien claim is controlled by the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 31301-31343. The pertinent sections are 46 U.S.C. §§ 31301 (defining "necessaries"), 31341 (describing persons with authority to procure necessaries), and 31342 (establishing a maritime lien in favor of a person supplying a vessel with necessaries, and giving a right to enforce the lien by an action in rem).

Although 46 U.S.C. § 31301 defines "necessaries" as "repairs, supplies, towage, and the use of a dry dock or marine railway", court decisions have expanded the meaning to include the provision of wharfage and practically any other supply or service required by a vessel. "The characteristic maritime liens recognized under United States law are the following: . . . Claims under maritime contracts for repairs, supplies, towage, pilotage, wharfage, and a wide variety of other 'necessaries.'" T.J. Schoenbaum, supra at p. 517-18; see also § 9-3 at pp. 530-532.

The Barge HARRY was docked (along with other vessels) at the Plaintiff's dock by J-Way Leasing, which had control over the Barge HARRY as well as the Tug BOURNE and other vessels docked there. The Maritime Liens Act, 46 U.S.C. § 31341(a), creates a presumption that the managing owner, ship's agent, and master have authority to enter into a contract that will create a lien. See Schoenbaum, § 9-3 at pp. 533-34. J-Way continued to exercise managerial control over the vessel, even after the Plaintiff initiated proceedings to claim the vessel as abandoned under the laws of the District of Columbia. See Verified Complaint and Exhibits 1 and 2.

Under these circumstances, the Plaintiff acquired a maritime lien upon the Barge HARRY and is entitled to enforce that lien by bringing the present civil action in rem to enforce

the lien.  See 46 U.S.C. § 31342(a)(2).  For this reason it is requested that this court issue the

proposed Order filed herewith directing the Clerk to issue the Warrant for Arrest of the Barge

HARRY.

### B.  The Proposed Order also Sets the Amount of the Marshal's Deposit

Before the Marshal will arrest a vessel, accommodation must be made to cover the

expenses (if any) incurred by the Marshal in arresting the vessel.  See Rule E(4)(e) and 28

U.S.C. § 1921.  This may include mileage, advertising, and insurance (particularly in the event a

Substitute Custodian with adequate insurance is not appointed).  While the amount of the

Marshal's deposit is typically set in Local Admiralty Rules by federal courts that regularly deal

in such matters, the U.S. District Court for the District of Columbia has not adopted any such

local admiralty rules.  By comparison, Local Admiralty Rule (E)(9) of the U.S. District Court for

the District of Maryland has set the required amount to be $3,000.00 for vessels in excess of 65'

in length (the Barge HARRY is 120' in length – see Verified Complaint).  See copy attached as

Exhibit 1.  In view of the fact that it is expected that the Barge HARRY will be turned over by

the Marshal to a suitable Substitute Custodian once it is under arrest (as requested by separate

Motion filed herein), and in view of the fact that the estimated value of the vessel is less than

$100,000.00 the sum of $3,000.00 should be more than adequate to cover the Marshal's expected

expenses in arresting the vessel.

### C.  The Proposed Order Allows for Notice Requirements

The Notice requirements to persons interested in the vessel are set forth in Supplemental

Admiralty Rule C(6)(b).  The proposed Warrant recites these notice requirements and, when sent

to all interested parties by certified mail, as required by the Order, will apprise the interested

parties of their right to file a Notice of Claim upon the vessel within 10 days and to file an

Answer to the Complaint within 20 days thereafter.  In addition, in accordance with Admiralty Rule C(4), in the event the vessel has not been released from arrest within ten (10) days, the proposed Order directs Plaintiff's counsel to publish an appropriate Notice of Action and Arrest as required by Admiralty Rule C(4) in the Washington Post newspaper, as a newspaper of general circulation in the District.

  For all of the foregoing reasons, the Court is requested to approve and enter the proposed Order for Issuance of Process (Warrant) In Rem for the Arrest of the Barge HARRY.

       Respectfully submitted,

       _____/S/_____
       Robert W. Hesselbacher, Jr.
       DC Bar No. 414112
       Stephen F. White (pro hac vice pending)
       Wright, Constable & Skeen, LLP
       100 North Charles Street, 16th Floor
       Baltimore, Maryland 21201-3812
       (410) 659-1317 (telephone)
       (410) 659-1350 (facsimile)

       Attorneys for Plaintiff