**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GLENWOOD AVIATION, LLC      *

         Plaintiff          *      Civil Action No. 06-1235 RBW

v.                          *

Barge HARRY
its tackle, equipment, and all      *
other necessaries thereunto
appertaining and belonging,      *
in rem
                        *

         Defendant
*     *     *     *     *     *     *     *     *     *     *     *     *

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**AND FOR ORDER DISTRIBUTING AUCTION PROCEEDS**

        Plaintiff, Glenwood Aviation, LLC (hereinafter "Glenwood"), by its attorneys, Robert

W. Hesselbacher, Jr., Stephen F. White and Wright, Constable & Skeen, L.L.P., pursuant to

F.R.C.P. 55, and Supplemental Admiralty Rule E(9), hereby moves for entry of a Default

Judgment, and for an Order directing the Distribution of the Proceeds of the Auction Sale of the

Barge HARRY, etc., and for cause states:

        1.      That pursuant to this court's Order for Interlocutory Sale of Vessel by Public

Auction dated November 28, 2006 (see docket #15), the United States Marshal held a public

auction sale of the Barge HARRY, etc., on December 20, 2006. The highest bidder and

purchaser of the vessel at said auction was Brickwood Contractors, Inc., whose winning bid of

$9,200.00 was duly paid to the U.S. Marshal, in accordance with the terms of the Order for

Interlocutory Sale. See U.S. Marshal's Report of Sale (docket #16).

        2.      The sale of the vessel to Brickwood Contractors, Inc., for $9,200.00 was duly

Confirmed by this court's Order Confirming Auction Sale of Barge HARRY, etc, dated January

192628 v. (11208.00001)

January 3, 2007. See docket #18.

3.      In accordance with paragraph (d) of this court's Order for Interlocutory Sale, any Claims against the vessel that arose prior to confirmation must have been presented by filing an Intervening Complaint within ten (10) days of Confirmation or be forever barred from intervention. See docket #15. Since no Intervening Complaints were filed by January 13, 2007, and none have been filed to date, any persons holding any such claims are forever barred from intervention.

4.      On November 8, 2006, the Clerk entered the Default of the Barge HARRY, etc., pursuant to the Plaintiff's Request and Affidavit. See docket nos. 11 and 12.

5.      On November 9, 2006, Plaintiff filed its Motion for Order Entering Default of any Person(s) Interested in the Barge HARRY for Failure to File a Claim or Answer, supported by Affidavit certifying that all Notices and required publications of the arrest of the vessel and the deadlines for filing Statements of Interest, Claims and Answers to the Complaint had been duly issued and/or published as required by the Rules of Civil Procedure and Supplemental Admiralty Rules. See docket #13. Finding that Notice had properly been given, and that no Claims, Statements of Interest, or Answers to the Complaint had been filed within the time required, this court issued its Order of Default as to all persons interested in the Barge HARRY on November 9, 2006. See docket #14.

6.      That the only persons other than the Plaintiff, known to have any possible interest in the vessel or the proceeds of its sale were J-Way Leasing, LLC and Alan N. Johnson. See Verified Complaint, docket #1. Although copies of the Verified Complaint and Warrant for Arrest of the Barge HARRY, etc., were duly sent to each of them, neither have filed any Claims, Answers or Intervening Complaints. See Affidavit in Support of Motion for Order Entering

Default (docket #11). Their default for failure to file timely Claims or Answers to the Verified Complaint was duly entered by this court on November 9, 2006. See docket #14. Their default, as well as the default of any other potential claimants, for failure to file an Intervening Complaint against the proceeds of sale of the Barge HARRY, etc., within 10 days of the Order Confirming Sale of the vessel, is now deemed to have occurred pursuant to paragraph (d) of this court's Order of November 28, 2006.

7.      That pursuant to the U.S. Marshal's Report dated February 1, 2007, the U.S. Marshal has now deposited $8,745.00 into the Registry of this Court, representing the proceeds of the auction ($9,200.00) less the U.S. Marshal's costs of insuring the vessel during the time it was under arrest ($455.00). See Exhibit # 1 attached.

8.      The U.S. Marshal has also returned the amount of $2,875.00 to the Plaintiff, representing the balance of the unused portion of the Plaintiff's $3,000.00 deposit for the arrest of the vessel, after deducting the Marshal's service fees and costs of $125.00. See Exhibit # 1.

9.      That pursuant to this court's Order Appointing Substitute Custodian dated August 1, 2006, Glenwood Aviation, LLC acted as Substitute Custodian of the Barge HARRY from the time the vessel was arrested on August 24, 2006 until it was sold at auction on December 20, 2006, at the rate of $120.00 per day. See docket #5. Glenwood Aviation, LLC is therefore entitled to 117 days of charges for acting as Substitute Custodian at the rate of $120.00 per day, in the total amount of $14,040.00.

10.      That pursuant to the Verified Complaint, prior to its arrest, the Plaintiff, Glenwood Aviation, LLC, provided the Barge HARRY, etc., with various necessaries including dockage, electricity, and other services at the request of the persons in charge of the Barge, in the total amount of $28,350.00 as of June 30, 2006. See para. 7 of Verified Complaint signed under

192626 v. (11208.00001)

oath by Barry Lutin, Managing Member of Glenwood Aviation, LLC and Exhibit 3 (invoice)

attached thereto (docket #1). Therefore, there is no dispute that Plaintiff is entitled to the entry of

a Default Judgment in its favor in the amount of $28,350.00.

11.     The total amount of the Plaintiff's costs and expenses incurred in connection with

the arrest, safekeeping, and auction of the Barge HARRY may be summarized as follows:

| | |
|---|---|
| Filing Fee | $350.00 |
| Insurance during arrest | $455.00 |
| Marshal's Fees (taken from deposit) | $125.00 |
| Substitute Custodian Fees | $14,050.00 |
| Total Costs | $14,980.00 |

The insurance expenses ($455.00) have already been paid by the U.S. Marshal from the proceeds

of the auction. See Exhibit 1. Therefore, the Plaintiff is entitled to entry of Default Judgment in

its favor for its remaining costs in the total amount of $14,525.00.

12.     No Claims to Vessel, Answers, Intervening Complaints, or other papers have been

filed denying or challenging the validity of the Plaintiff's lien or claiming any liens on the

defendant vessel superior to that held by the Plaintiff. All potential claimants with the exception

of the Plaintiff are in Default. The only funds available to be disbursed are the net proceeds of

the auction sale now held in the Registry of this Court in the amount of $8,745.00. Such funds

should be awarded to the Plaintiff in payment of its Default Judgment and costs awarded herein.

WHEREFORE, Plaintiff, Glenwood Aviation, LLC, requests that this Honorable Court

issue the proposed Order filed herewith:

a.      Entering Judgment by Default in favor of Glenwood Aviation, LLC and against

the proceeds of the sale of the BARGE HARRY, etc., in the amount of

$28,350.00;

b.  Awarding costs and *in custodia legis* expenses to Glenwood Aviation, LLC in the amount of $14,525.00; and

c.  Ordering that the funds in the amount of $8,745.00 currently held in the Registry of this Court, as proceeds of the auction sale of the Barge HARRY, be paid by the Clerk in their entirety to Glenwood Aviation, LLC, as a credit toward its Default Judgment and the costs awarded above; and

d.  Ordering that upon the entry by the Clerk of the above referenced Orders, and following the Clerk's payment of the funds held in the Registry of the Court to the Plaintiff, that this case be closed.

 

 

                                       /S/
                              Robert W. Hesselbacher, Jr.
                              Va. Bar No. 34251
                              Stephen F. White (pro hac vice pending)
                              Wright, Constable & Skeen, LLP
                              100 North Charles Street, 16th Floor
                              Baltimore, Maryland 21201-3812
                              (410) 659-1317 (telephone)
                              (410) 659-1350 (facsimile)

                              Attorneys for Plaintiff
                              Glenwood Aviation, LLC

## Bryant, Bettie (USMS)

**From:** Bryant, Bettie (USMS)

**Sent:** Thursday, February 01, 2007 10:52 AM

**To:** 'Stephen White'

**Subject:** RE: Auction of Barge HARRY

Good Morning Mr. White!

I have completed this case, the proceeds was deposited in the registry of the court on January 31, 2007! Your refund of $2,875.00 was mailed to you on January 31, 2007

Deposit-----$3000.00

Deputy Cost --------------------$80.00
Warrant for Arrest in Rem ---- $45.00
Total                     $125.00
Refund to Attorney-------------$2,875.00

Sale of Barge (Harry) ----------$9,200.00
Insurance Cost----------------$455.00
Deposit in Registry of Court $8,745.00

Thanks and it was great working with you!

**Bettie F. Bryant**
**Property Management Specialist**
**United States Marshals Service**
**District of Columbia**



**EXHIBIT**

1

DUPLICATE

Court Name: District of Columbia
Division: 1
Receipt Number: 4616001964
Cashier ID: lwebb
Transaction Date: 01/31/2007
Payer Name: Glenwood Aviation
-------------------------------------
TREASURY REGISTRY
 For: Glenwood Aviation
 Case/Party: D-DCX-1-06-CV-001235-001
 Amount:        $8,745.00
-------------------------------------
CHECK
 Check/Money Order Num: 811600456130
 Amt Tendered: $8,745.00
-------------------------------------
Total Due:       $8,745.00
Total Tendered: $8,745.00
Change Amt:      $0.00


Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged.  A
$45 fee will be charged for a
returned check.